50 F.3d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phillip L. HINKLE, Plaintiff-Appellant,
v.
ARIZONA DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 94-15162.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 21, 1995.*
Decided March 1, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 MEMORANDUM**
 Arizona state prisoner Phillip L. Hinkle appeals the district court's grant of summary judgment for defendant prison officials in Hinkle's 42 U.S.C. Sec. 1983 action alleging that his right to practice his Native American religion is unconstitutionally burdened by an Arizona prison regulation which restricts the opportunity for observance of the Native American religion to inmates with "(a) a substantial percentage of Indian blood and (b) recognition as an Indian." ADOC Reg. No. 207.0-A. We reverse and remand for the district court's consideration whether this regulation's limitation on worship of the Native American religion to those inmates with Indian blood who are recognized as Indians meets the requirements of the newly enacted Religious Freedom Restoration Act, 42 U.S.C. Sec. 2000bb(b)(1) (1993), recently applied to prison inmates by this court in Bryant v. Gomez, No. 94-15178, slip op. 1279, 1282 (9th Cir. Jan. 31, 1995).[1]
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Act provides, in pertinent part, that:
 Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability....
 42 U.S.C. Sec. 2000bb-1(a).
 The Act further provides that:
 Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.
 42 U.S.C. Sec. 2000bb-1(b).